Battle, J.
 

 "We have no hesitation in expressing our concurrence in the opinion given by his Honor in the Court below. The parol gift made by the plaintiffs’ intestate of the slave in question to the defendant, was, it is true, a mere bailment, which the intestate might have terminated at any time during his life. The possession of the donee, though held subject to the reclamation of the donor, yet, so far conferred an inchoate right upon the donee, that it might become a complete title by the death of the donor intestate, and without having revoked the gift. Such is manifestly the effect of the proviso to the 17th section of the 37th chapter of the Revised Statutes. This inchoate right was originated by the intention of the donor, exhibited by his putting the slave into the actual possession of the donee; and the title corrld be prevented from becoming perfect only by a change of that intention, manifested in a proper manner. IIow could that intention be changed after the donor ceased to have the power of volition ? IBs committee, after he became
 
 non compos mentis,
 
 had the charge of his person and of his estate, but not of his mind. The committee could no more revoke such a gift, made by a
 
 lunatic,
 
 than he could revoke a will made by him, during a lucid interval, or before he became
 
 non compos mentis.
 
 The analogy between the two cases, as was well contended by the defendant’s counsel, is very strong, and the same reason which prevents the will from being revoked, applies with equal force to the gift. In England the committee of
 
 *533
 
 a lunatic’s estate
 
 “
 
 can neither bring nor defend actions or suits on the behalf of the
 
 non compos mentis
 
 without previously obtaining the permission of the Court to do so.” Stock on
 
 Won Compotes
 
 211, (15 Law Lib. 11Y.) We are not aware that our statute, concerning Idiots and Lunatics, confers any greater power on their guardians. See 1 Eev. Stat., ch. 5Y. There was no such power as was claimed by the guardian in the present case, conferred in express terms, and we cannot imagine any good reason why it should be implied. On the contrary, many cases might be stated in which much confusion and mischief would be caused by the exercise of such a power by the guardian, in disturbing the parol gifts made by a lunatic father before the commencement of his infirmity.
 

 The judgment of the Court below, being in accordance with these views, must be affirmed.
 

 Per Curiam.
 

 Judgment affirmed.